UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEVEN WAYNE FELDMANN,<br><br>       Plaintiff,<br>v.<br><br>STATE OF WISCONSIN,<br><br>       Defendant. | Case No. 2:14-cv-00267-GMN-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(IFP App. - Dkt. #1) |

Plaintiff Steven Wayne Feldmann is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and he submitted a complaint. This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule IB 1-3 and 1-4.

**I.    In Forma Pauperis Application.**

Feldmann has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, his request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.   Screening the Complaint.**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from

1

the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Plaintiff's "complaint" names the state of Wisconsin as the only Defendant. His "Additional Feedback" filing (Dkt. #2) lists the States of Texas and California as Defendants. His pleading is a one-page handwritten document with twenty-seven pages of attachments. He cites "improper venue" as the basis for the court's jurisdiction, states that his complaint is for "identity theft," and his demand is for the court to "handle matters accordingly please." Complaint at 1. The attachments to his complaint consist of: public record request forms and a citizen complaint from Azusa, California; Plaintiff's arrest records from the Superior Court of California, County of San Bernardino; a civil docket sheet for the closed case of *Feldmann v. Wisconsin* 3:13-cv-00154; a copy of Plaintiff's divorce certificate; and six hand-written "pre-appointed motions" citing "improper venue, production, mail fraud, and identity theft," with no further details. The attachments do not make any allegations against the Defendant whatsoever or set forth a factual basis for any cognizable claim. On the civil cover sheet, Plaintiff classified

1  the nature of this suit as "other contract" and the cause of action as pursuant to 28 U.S.C. § 1441,
2  a federal removal statute, which allows cases to be removed from state court to federal court.
3  Plaintiff's filing does not set forth a cause of action or state a basis for the court's jurisdiction.  In
4  short, the complaint and its attachments do not state a federal claim or a basis for federal
5  jurisdiction.

6       Additionally, the Eleventh Amendment bars an individual from suing a state in federal
7  court unless the state consents to suit, or Congress has clearly and validly abrogated the state's
8  sovereign immunity. *See* U.S. CONST. amend. XI; *see also,* e.g., *Coll. Sav. Bank v. Fla. Prepaid*
9  *Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999).   Plaintiff has not alleged
10 Wisconsin has consented to be sued or that Congress has abrogated Wisconsin's sovereign
11 immunity.  Therefore, Plaintiff's complaint against the state of Wisconsin must be dismissed.
12 Leave to amend will not be granted in this case because Plaintiff's claims cannot be cured by the
13 allegation of additional facts.  *See Lopez v. Smith*, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en
14 banc) (citing *Doe v. United States*, 58 F. 3d 494, 497 (9th Cir. 1995) (leave to amend should be
15 granted unless amendment would be futile)).  Accordingly,

16     **IT IS ORDERED:**

17     1. Plaintiff's request to proceed in forma pauperis is **GRANTED**.  Plaintiff shall not be
18        required to pay the filing fee of four hundred dollars.

19     2. Plaintiff is permitted to maintain this action to conclusion without the necessity of
20        prepayment of any additional fees or costs or the giving of a security.  This Order
21        granting leave to proceed in forma pauperis shall not extend to the issuance of
22        subpoenas at government expense.

23     3. The Clerk of Court shall file the complaint.

24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

**IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted.

Dated this 2nd day of June, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

### NOTICE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.